# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

JOE CARTER,

    Movant,

v.                          Case No.   CV413-098
                                                                 CR410-271

UNITED STATES OF AMERICA,

    Respondent.

## REPORT AND RECOMMENDATION

Joe Carter moves to vacate his sentence for possession of a firearm as a felon and seeks re-sentencing on the ground that the district judge acted "contrary to the provisions of 18 U.S.C. § 3585(b)" by recommending that the Bureau of Prisons ("BOP") credit him with all time served in federal detention prior to sentencing, doc. 1 at 3, rather than taking other appropriate measures to ensure that defendant was awarded the credit that the Court "intended" that he receive. Doc. 1-1 at 20. For the reasons which follow, Carter is not entitled to re-sentencing, and thus his motion must be **DENIED.**

At the time his federal sentence was imposed on October 5, 2011, Carter was then serving a state prison sentence.[1] This Court secured his appearance for prosecution on the federal indictment through a writ of habeas corpus ad prosequendum. Doc. 1-1 at 14. The United States Marshal acquired temporary custody of Carter pursuant to that writ on November 23, 2010. Carter thus was "on loan" from the state, which retained primary jurisdiction throughout the federal proceedings. *Causey v. Civiletti*, 621 F.2d 691, 693 (5th Cir. 1980) ("A writ of habeas corpus ad prosequendum is only a 'loan' of the prisoner . . . ."). Carter does not dispute that his state sentence continued to run while he was in the marshal's custody.

During Carter's sentencing hearing on October 5, 2011, his attorney mentioned that he had been in "federal custody" since November 23, 2010 and indicated that his client was seeking credit on his federal sentence for all time spent in custody since his arrest by the state authorities on

---

[1] Carter's state parole (on a conviction for robbery, carrying a concealed weapon and obstruction by fleeing) had been revoked on October 22, 2010 after state probation officials found him in possession of a firearm and marijuana (on August 10, 2010). Presentence Investigation Report ("PSI") at 6-7. His possession of that firearm as a felon also led to his federal indictment.

2

August 10, 2010.[2] Sent. Tr. at 5-6. In pronouncing sentence, the district judge indicated that he would "recommend to the Federal Bureau of Prisons that the defendant receive credit for all time in federal custody . . . ." *Id.* at 9. The criminal judgment entered that same date reflected that recommendation. Doc. 1-1 at 22.

After his federal sentencing proceeding, Carter "was returned to the State of Georgia to complete his State sentence." Doc. 1-1 (Carter's brief) at 14. Upon the completion of that custodial sentence on May 24, 2012, Carter was "paroled" by the state and thus began service of his federal sentence. *Id.* Carter asserts that it was not until he arrived at the Federal Correctional Institution at Marianna, Florida in June 2012 that he learned that he would not be credited with the time he spent in the custody of the U.S. Marshal prior to his federal sentencing, "as requested by the Court." *Id.* at 15; *see id.* at 25 (BOP sentencing computation

---

[2] Counsel indicated that he had informed his client of his "legal opinion" that while "he would *probably* get credit for time served in federal custody," Sent. Tr. at 5 (emphasis added), the Court likely would be unable to award him credit for time spent in state custody prior to securing his appearance on the federal writ. The district judge made no attempt to resolve that issue but did note in passing that Carter had been "picked up by state authorities" and reincarcerated for violating his state probation (actually, parole) prior to coming to federal court. *Id.* at 6.

reflecting that Carter's federal time did not commence until May 24, 2012).

Carter then sought administrative review of that BOP determination, requesting that he be credited with all time between the date of his federal sentencing proceeding (on October 5, 2011) and the day he completed service of his state custodial sentence (on May 24, 2012). *Id.* at 26-31. Carter argued that his "State time . . . was supposed to run concurrent with [his] federal sentence." *Id.* at 26; *id.* at 27 (stating that it was his "understanding . . . that his federal sentence would run concurrent with [his] state sentence"); *see also id.* at 29 (asserting that both he "and the Court . . . understood that [he] would get credit from the date of federal sentencing"). The BOP determined that Carter was not entitled to receive credit against his federal sentence for the period of his "temporary custody" by the marshal prior to his federal sentencing, as 18 U.S.C. § 3585(b) prohibits such credit where the time has been credited toward the service of another sentence. *Id.* at 30. The BOP further noted that while the federal court "had the opportunity to order" that his federal sentence be concurrent to his state sentence, it "chose not to do

so." *Id.* Accordingly, the BOP found that Carter's federal sentence had been correctly computed.

In the § 2255 motion which he has filed with this Court, Carter demands credit on his federal sentence only for the time that he spent in federal detention prior to his sentencing by the district judge, i.e., from November 23, 2010 to October 5, 2011. Doc. 1 at 3; doc. 1-1 at 4, 14, 18-19.[3] Carter readily concedes that during his period of detention by the marshal prior to federal sentencing, he "never legally left custody of the State" and that § 3585(b) "preclude[d] the B.O.P." from counting this time toward his federal sentence, as he had already received credit for that time against his state sentence. Doc. 1-1 at 4; *id.* at 18 (where Carter notes that "§ 3585(b) prohibits a defendant from receiving credit on his federal sentence for the time that has been credited against his prior state sentence and, thus, prevents defendant from receiving 'double credit'"); *id.* at 19 ("because Petitioner received credit toward his state sentence for

---

[3] At one point in his brief Carter references the fact that the time following the imposition of his federal sentence until the completion of his state sentence on May 24, 2011 "also has not been credited toward his federal sentence." Doc. 1-1 at 20. While Carter expresses "his understanding" that "the federal sentence was supposed to run concurrent with his state sentence," he states that he "does not wish to seem greedy" in demanding a legal right to credit for that period of state custody but rather "leaves to the Court" whether it intended for him to receive this credit. *Id.*

the time he served in federal custody on the writ, he cannot benefit from 18 U.S.C. § 3585(b)."). That is a correct interpretation of the law. Carter nonetheless argues that because the district judge clearly "intended" that he be credited with the time spent in the custody of the marshal, doc. 1-1 at 20, the judge acted "contrary to federal law" in relying upon the BOP to effectuate that intent under § 3585(b), as it was not empowered to do what the statute specifically forbids. Doc. 1 at 3; doc. 1-1 at 4, 20. Carter reasons that but for the Court's mistaken understanding of this statute, it would have "departed downward" pursuant to U.S.S.G. § 5G1.3, thereby guaranteeing that he receive the intended credit. *Id.* at 4; *see also id.* at 19, 20. Even if this claim is properly before this Court (and it isn't), nothing in the record supports this contention.[4]

---

[4] The government asserts that Carter's claim is not cognizable under § 2255 and therefore is not properly before this Court, for a claim that the BOP failed to award him proper credit for time spent in federal custody may only be brought under 28 U.S.C. § 2241 and must be filed in the district of the prisoner's confinement. Doc. 3 at 3-4. The Court finds that this argument rests upon a misreading of Carter's motion. As noted, Carter readily concedes that § 3585(b) "preclude[d]" the BOP with crediting him with time that was applied toward his state sentence. Doc. 1-1 at 4, 19. Carter's challenge, therefore, is not that the BOP erred in computing the execution of his sentence but that the *district judge* erred at the time of sentencing by failing to give effect to his presumed "intention" that the time he spent in pre-sentence detention of the marshal he credited toward his federal sentence. That is not a mere

6

Although Carter's claim of a district judge sentencing error is properly brought under § 2255, it appears that his motion is both untimely filed and procedurally defaulted. Carter contends that the district judge committed error *at sentencing* when he failed to give effect to his supposed intention that Carter be credited on his federal sentence with the time he spent in marshal's custody while awaiting sentencing. Carter contends that this error was premised upon the district judge's misinterpretation of § 3585(b), which led to the judge's belief that the BOP was bound to follow the Court's recommendation that Carter receive such credit. But that error should have been apparent immediately upon pronouncing sentence, for as defendant states, it rests upon an interpretation of § 3585(b) that is "contrary to law." Doc. 1-1 at 4, 20. Carter knew very well that his state sentence continued to run during the entire time that he was in federal custody pursuant to a writ of habeas corpus ad prosequendum. And he further knew that, by the plain language of § 3585(b), he could not be credited on his federal sentence "for any time . . . spent in official detention prior to the date the sentence

---

execution-of-the-sentence argument that is properly brought under § 2241 but rather asserts a fundamental error by the sentencing judge. Such a claim may only be brought pursuant to § 2255.

commences . . . that has . . . been credited against another sentence." 18 U.S.C. § 3585(b). Thus, at the time his sentence was imposed Carter had all the information necessary to bring to the district judge's attention (or to the attention of the court of appeals on direct appeal) that the sentence pronounced by the district judge would not have the effect of "awarding the credit intended by the Court." Doc. 1-1 at 20. The fact that Carter did not realize the legal effect of this alleged error until he arrived at his federal prison in June 2012 did not serve to reset the 1-year period of limitation imposed by § 2255(f). *See, e.g., Wallace v. United States*, ___ F. Supp. 2d ___, 2013 WL 5952100 at *4 (N.D. Ala. Nov. 8, 2013) (collecting cases showing that ignorance of the law neither resets the clock nor supports equitable tolling).

If, as Carter alleges, the district judge had intended to require the BOP to credit him with time spent in pre-sentence detention by the marshal, the judge's inability to do so through a recommendation to the BOP would have been apparent on the day of sentencing, for the district judge clearly lacked the power to order the BOP to award a credit that is statutorily prohibited. As Carter filed no direct appeal, the 1-year clock

for filing a § 2255 motion attacking his sentence commenced on October 5, 2011. As Carter's § 2255 motion was not filed until April 19, 2013, it is untimely. And because Carter did not assert this available claim on direct appeal, it is now procedurally defaulted. *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004) (a defendant's failure to advance an available challenge to a criminal conviction or sentence on direct appeal prevents him raising that claim in a § 2255 proceeding, absent a showing of cause and prejudice or a fundamental miscarriage of justice arising from the conviction of one who is actually innocent).

But even if timely filed and not defaulted, his § 2255 motion is clearly unmeritorious, for it rests on an assumption that is not supported by the record. Carter's motion hinges upon his assertion that the district judge "intended" that he be credited with the time he spent in the custody of the marshal prior to sentencing. Doc. 1-1 at 20. But the district judge never expressed any such intention, either at sentencing or in the criminal judgment. When Carter's attorney mentioned that his client was requesting credit on his federal sentence for all time spent in custody since his arrest by state officials on August 10, 2010, the district judge did

not attempt to resolve the issue of how much presentence credit Carter was entitled to receive. (Nor was the judge even *authorized* to make this calculation.[5]) Instead, the judge brushed the issue aside with this comment: "[W]asn't he picked up by state authorities, and didn't that have something to do with either this offense or a probation violation?" Sent. Tr. at 6. Then, in pronouncing sentence and in the judgment itself, the district judge simply indicated that he would "recommend" to the BOP that Carter "receive credit for all time in federal custody." *Id.* at 9. Nowhere did the judge indicate that he intended to *require* the BOP to award such credit. Nor is there anything in the record to suggest that the district judge failed to appreciate that § 3585(b) specifically precluded crediting Carter with time spent in marshal's custody that had been counted toward his existing state sentence.

Carter is correct that, had the district judge wished to do so, he could have imposed a federal sentence that was to run concurrently with his existing state sentence: 18 U.S.C. § 3584(a); U.S.S.G. § 5G1.3. The

---

[5] *United States v. Wilson*, 503 U.S. 329, 334-35 (1992) (a district court is not authorized to compute a defendant's credit for time spent in official detention at sentencing; rather, the task of computing the credit under § 3585(b) is reserved to the Attorney General, through the BOP, as an administrative matter after defendant is imprisoned).

district judge elected not to impose a concurrent sentence, however, and both § 3584 and § 5G1.3 "evince a preference for consecutive sentences when imprisonment terms are imposed at different times." *United States v. Ballard*, 6 F.3d 1502, 1506 (11th Cir. 1993). Federal judges are well familiar with their power to order that a federal sentence be made consecutive or concurrent to an existing state sentence (or, for that matter, "to an anticipated state sentence that has not yet been imposed." *Setser v. United States*, 132 S. Ct. 1463, 1466 (2012)). That historic power is routinely exercised by district judges, including the sentencing judge in this case.

Despite Carter's assertion that the district judge "intended" that he receive credit on his federal sentence for all time spent in marshal's custody awaiting the imposition of that sentence, the judge never expressed any such intention. His recommendation to the BOP was just that, a recommendation. Nothing in the record indicates that the district judge was laboring under some misinterpretation of § 3585(b) or reflects any belief on his part that his recommendation was somehow binding on the BOP regardless of the requirements of that statute.

If the district judge had wanted to *guarantee* that defendant be credited with the time he spent in marshal's custody even though that time was also being credited against his state sentence, he could have done so. He did not. The record suggests that the district judge simply wanted defendant's federal sentence to be correctly calculated, by counting any days spent in federal custody that were not counted toward his state sentence. From years of experience (and countless § 2255 motions like this one), the district judge knew very well that the task of computing credit for time served is assigned to the Attorney General and thence to the BOP. *Wilson*, 503 U.S. at 334 ("§ 3585(b) does not authorize a district court to compute the credit at sentencing."). Carter's assertion that the district judge "intended" for him to receive credit that the BOP was precluded from awarding by statutory mandate finds no basis in this record. Accordingly, Carter's § 2255 motion, even if timely and not defaulted, should be **DENIED**.

**SO REPORTED AND RECOMMENDED** this 13th day of November, 2013.

*/s/ M. Smith*
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**